UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

JESSIE SUTTON,

       Plaintiff,

v.                                                    Case No:  6:12-cv-1254-Orl-28TBS

JAGDISH SINGH, SK PROPERTY LLC
and JAGTAR SINGH,

       Defendants.

_____

## REPORT AND RECOMMENDATION[1]

Pending before the Court is Plaintiff's Motion to Conditionally Certify Collective Action and Facilitate Notice to Potential Class Members. (Doc 43).  Upon due consideration of the motion and Defendants' response (Doc. 47), I respectfully recommend that the motion be **granted in part and denied in part.**

## I.  Background

On August 15, 2012, Plaintiff filed an action against his former employer Jagdish Singh, SK Property LLC and Jagtar Singh ("Defendants") for unpaid minimum wage, unpaid overtime wages, and declaratory relief, pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 et seq.  (Doc. 1).  Plaintiff amended his Complaint on November 6, 2012.  (Doc. 20).  Specifically, Plaintiff alleges that he was a non-exempt hourly paid car washer and that Defendants (1) "failed to compensate [him] at the applicable federal minimum wage for all hours worked in each work week as required by

_____

[1] Specific written objections to this report and recommendation may be filed in accordance with 28 U.S.C. § 636, and M.D. FLA. R. 6.02, within fourteen (14) days after service of this report and recommendation.  Failure to file timely objections shall bar the party from a de novo determination by a district judge and from attacking factual findings on appeal.

the FLSA[,]" and (2) failed to pay him "premium compensation at a rate of one and one-half times [his] regular rate of pay for hours worked in excess of forty (40) hours in the single work week."  (Id. ¶¶ 29-30).  Defendants admit that Plaintiff worked for SK Properties (Doc. 21 ¶ 33), but deny all of the allegations in the Amended Complaint. (Doc. 21).  Five individuals have filed Notices of Consent to Join in this lawsuit:  T. Cannon (Doc. 23); L. Torres (Doc. 24); D. Ferguson (Doc. 27); T. Stiffen (Doc. 28); and C. Redditt (Doc. 34).

On April 15, 2013, Plaintiff filed a motion to authorize notice to potential class members, in which he seeks the Court's permission to certify a class of: car wash line workers (which includes car detailers, car dryers, and all workers on the car wash line) "who were paid on an hourly basis, plus tips, and who were employed by the above named Defendants in Altamonte Springs, Florida over the last three (3) years."  (Doc. 43 at 1). Defendants oppose the motion on the grounds that any potential opt-ins have already been provided notice of their right to file a claim for alleged unpaid wages by the Department of Labor.  (Doc. 47)

## II. Discussion

Title 29, United States Code, Section 216(b) permits an employee to maintain an action against any employer, on behalf of himself and other similarly situated employees, for unpaid overtime compensation in violation of the FLSA.  The Act provides that:

> An action to recover the liability [for unpaid overtime] may be maintained against any employer (including a public agency) in any Federal or State court of competent jurisdiction by any one or more employees for and in behalf of himself or themselves and other similarly situated. No employee shall be a party plaintiff to any such action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought.

29 U.S.C. § 216(b).  The FLSA also "authorizes collective actions against employers accused of violating the FLSA." Morgan v. Family Dollar Stores, Inc., 551 F.3d 1233, 1258 (11th Cir. 2008).

The Eleventh Circuit has sanctioned a two-step approach for determining whether to certify a collective action pursuant to section 216(b). See Hipp v. Liberty Nat'l Life Ins. Co., 252 F.3d 1208, 1218-19 (11th Cir. 2001).  The first step is the "notice stage," in which the district court makes a determination as to whether notice of the action should be given to potential collective class members. Id. at 1218.  The district court may conditionally certify a collective action and authorize notice to potential claimants if the named plaintiff adequately demonstrates "a 'reasonable basis' for his claim that there are other similarly situated employees." Morgan, 551 F.3d at 1260; Grayson v. K Mart Corp., 79 F.3d 1086, 1097 (11th Cir. 1996) ("[P]laintiffs bear the burden of demonstrating a 'reasonable basis' for their claim of class-wide discrimination.").

The standard applied in this first stage is a lenient one which "typically results in conditional certification" of the collective action. Rodgers v. CVS Pharmacy, Inc., No. 8:05-cv-770T-27MSS, 2006 WL 752831, *2 (M.D. Fla. Mar. 23, 2006). Even a single affidavit or consent to join submitted by another individual stating that they are similarly situated and wish to join the suit is enough to bring the Plaintiff's contentions above pure speculation. Guerra v. Big Johnson Concrete Pumping, Inc., No. 05-14237-CIV, 2006 WL 2290512, at *4 (S.D. Fla. May 17, 2006).  If the district court conditionally certifies the collective class, putative members are given notice and a chance to opt in. Hipp, 252 F.3d at 1218.[2]

_____

[2] The second step carries a heavier burden and is typically "triggered by an employer's motion for decertification." Morgan, 551 F.3d at 1261.  At this second stage,

At this stage, Plaintiff's burden is two-fold. He must show both, 1) that there is a reasonable basis for his claim that similarly situated persons exist, and 2) that those similarly situated persons actually desire to become a part of this lawsuit.  Plaintiff need show only that his position is similar, not identical, to the positions held by the prospective class members.  Hipp, 252 F.3d at 1217; Grayson, 79 F.3d at 1096.  Neither the FLSA statute nor the Court of Appeals have defined the phrase "similarly situated."  Courts are encouraged to look to similarities in job requirements and pay provisions when determining the similarity between the prospective members of the class. Morgan, 551 F.3d at 1259.

In this case, five individuals have already opted into this lawsuit (Docs. 23, 24, 27, 28, 34) and provided affidavits asserting allegations against Defendants that are similar, if not identical, to Plaintiff's claims (Docs. 43-1, 43-2, 43-3, 43-4, 43-5, 43-6). This record evidence demonstrates both, that there is a reasonable basis for Plaintiff's claim that similarly situated persons exist and that those persons desire to become a part of this lawsuit.

Defendants concede that there are other "aggrieved individuals," but argue that those individuals have already been notified and have not chosen to join the lawsuit. (Doc. 47 at 3).  Defendants invite the Court to conclude that "[t]hrough their inaction, those who have not done so have demonstrated an unwillingness to join the lawsuit." (Id.).  Defendants also argue that notice is unnecessary since a similarly situated

---

the court must consider the evidence of record and make a *factual finding* concerning the similarity of the class.  Id.  If the court makes a factual determination that the parties are similarly situated, the action proceeds to trial as a representative action. If not, the district court "decertifies" the collective class, and the opt-in plaintiffs are dismissed, without prejudice and the case proceeds on the individual claims of the original plaintiffs. Hipp, 252 F.3d at 1218.  The Court need not analyze this step because the parties to this case are presently at the notice stage.

employee has already initiated a separate lawsuit in the Middle District of Florida (Bonilla

v. Shiner's Car Wash et al, 6:12-cv-1649-ACC-TBS).  (Id.). Defendants make both

arguments without the benefit of supporting legal authority. Upon due consideration, I find

both arguments to be unpersuasive.  Plaintiff has met his notice-stage burden and

Defendants' arguments are insufficient to overrule Plaintiff's showing.

### III. Recommendation

Upon consideration of the foregoing, I respectfully recommend that:

1. Plaintiff's Motion to Conditionally Certify Collective Action and Facilitate

    Notice to Potential Class Members (Doc. 43) be **GRANTED IN PART** and

    **DENIED IN PART**.

    a. The motion be **DENIED** to the extent it seeks the Court's permission

        to post notice at Defendants' Altamonte Springs location (Doc. 43 at

        17).[3]

---

[3] The district court has discretion with respect to the form and content of court-authorized notice pursuant to 29 U.S.C. § 216(b).  See Johnson v. TGF Precision Haircutters, Inc., 319 F. Supp. 2d 753, 755 (S.D. Tex. 2004); see also Fasanelli v. Heartland Brewery, Inc., 516 F. Supp. 2d 317 (S.D.N.Y. 2007).  "First class mail is ordinarily sufficient to notify class members who have been identified." Romero v. Producers Dairy Foods, Inc., 235 F.R.D. 474, 492-93 (E.D. Cal. 2006).  Plaintiff cites to Romero and Veliz v. Cintas Corp. in support of its request that notice be posted at Defendants' business location.  (Doc. 43 at 17-18).

These cases are somewhat distinguishable from the matter currently pending before this Court because in both cases, the defendant failed to provide adequate names and addresses of potential class members, as previously ordered by the court.  See Romero, 235 F.R.D. at 493 ("Plaintiffs claim that the names and addresses of certain employees do not appear on an employee list Defendant has produced even though the employees are listed in Commission reports.") (internal citations omitted); Veliz v. Cintas Corp., No. C 03-1180 SBA, 2004 WL 2623909, at *2 (N.D. Cal. Nov. 12, 2004) ("Plaintiffs assert that Defendant has failed to comply with the Court's May 25, 2004 Order by failing to provide the names and addresses of certain individuals.").

This Court is not confronted with a case wherein Defendants have produced an

b. The motion be **GRANTED** in all other respects.

2. The district court **CONDITIONALLY CERTIFY** this case as a collective

action for the following class:

> Car wash line workers (which includes car detailers, car dryers, and all workers on the car wash line) who were paid on an hourly basis, plus tips, and who were employed by the above named Defendants in Altamonte Springs, Florida over the last three (3) years.

3. The district court order that **within twenty-one (21) days from the rendition of**

**the district court's final Order on the motion**, Defendants shall **DELIVER** to

Plaintiff's counsel the list containing the full names and last known

addresses of putative class members who worked for Defendants during the

last three years.  I further recommend that Defendants be directed to **FILE** a

notice of compliance with this part of the Court's Order **within ten (10) days**

from the date of delivery.

4. The district court order that Plaintiff's counsel give notice ("Notice") to the

individuals in the conditionally certified class **within twenty-one (21) days of**

**receiving the names and addresses from Defendants**, with the following

limitations:

a. Plaintiff shall <u>not</u> give Notice to any person who currently has on file

a consent to join in this action.

b. The Notice and Consent to Join shall be in the form approved by

the Court and attached to this Report and Recommendation, and

shall both be mailed on the same day via first class U.S. Mail to all

---

inadequate list of names and/or addresses to Plaintiff, thereby necessitating some other form of notice.  To the contrary, Defendants have no obligation to produce names and addresses until the district court adopts this report and recommendation and orders them to do so.  At this stage in the proceedings, Plaintiff's request is, at best, premature.

individuals disclosed by Defendants (other than those persons who currently are opt-in Plaintiffs in this action) at the sole cost and expense of Plaintiff, dated with the date of mailing, and shall allow each individual up to sixty (60) days from the date of mailing in which to return a Consent to Join form to Plaintiff's counsel

c. Plaintiff be directed to **FILE** a notice of compliance with this part of the Court's Order **within ten (10) days** from the date of mailing, attaching a copy of the Notice, Consent to Join, and sample mailing envelope.

5. The district court order that if the initial Notice mailed to any individual be returned as un-deliverable within the sixty (60) day time period allotted for response to the initial mailing, the parties shall promptly cooperate and exchange such additional information in their custody or control, or in the custody or control of their agents, as may reasonably be available to identify a better physical address or email address (with the Court's permission) for each such individual, pursuant to the following directions:

a. Upon receipt of a better address, but not later than the end of the sixty (60) day time period allotted for response to the initial mailing, Plaintiff's counsel shall, at the sole cost and expense of Plaintiff re-mail or email the Notice to each such individual one time.

b. Each re-mailed Notice shall be in the form approved by the Court and attached to this Report and Recommendation; shall be re-dated with the date of re-mailing or emailing; and shall give the individual

forty-five (45) days from the date of re-mailing or emailing in which to return the Consent to Join form to Plaintiff's counsel.

   c.  No re-mailing or emailing may be done after the expiration of the sixty (60) day time period allotted for response to the initial mailing.

6.  The district court order that each Consent to Join returned to Plaintiff's counsel be deemed timely if post-marked or delivered to a commercial carrier who provides a receipt, within the allotted period.

   a.  The district court order that **within ten (10) days** after the allotted period has concluded Plaintiff's counsel shall File with the Court a "Notice of Filing Consent to Join" that includes all of the Consent to Join forms timely received, and shall file an additional Notice of Filing Consent to Join to include any Consent to Join forms distributed in any re-mailing authorized in Paragraph 5, <u>supra</u>.

7.  The district court order that individuals who timely opt into this action pursuant to the Court-supervised notice procedure be deemed parties for all purposes under the Federal Rules of Civil Procedure pending further Order of this Court, and may be represented at any settlement or mediation by the named Plaintiff.

**RESPECTFULLY RECOMMENDED** at Orlando, Florida on May 2, 2013.

THOMAS B. SMITH
United States Magistrate Judge

Copies to:

    Presiding United States District Judge
    Counsel of Record

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

JESSIE SUTTON,

      Plaintiff,

v.                                   Case No:  6:12-cv-1254-Orl-28TBS

JAGDISH SINGH, SK PROPERTY LLC
and JAGTAR SINGH,

      Defendants.

_____

## NOTIFICATION OF POTENTIAL CLASS MEMBERS

*This is a Court-Authorized Notice and is not a Solicitation from a Lawyer.*
*The Court has Made No Finding as to the Merits of the Case at this Time.*

*IF YOU ARE, OR WERE, AT ANY TIME DURING THE PAST THREE (3) YEARS, AN HOURLY PAID (PLUS TIPS) CAR WASHER, CAR DETAILER OR CAR DRYER, WHO: (i) WORKED IN EXCESS OF FORTY (40) HOURS WITHIN A WORK WEEK OR (ii) WAS NOT PAID FOR COMPENSABLE WAIT TIME, A COLLECTIVE ACTION LAWSUIT MAY AFFECT YOUR RIGHTS.*

- JESSIE SUTTON ("Plaintiff"), a former car wash line worker who worked for JAGDISH SINGH d/b/a SHINER'S CAR WASH and SK PROPERTY, LLC, (collectively "Defendants"), has sued Defendants in Federal Court in Florida alleging that (i) Defendants failed to properly and fully pay him the correct minimum wage for his regular hours worked in one or more work weeks during his employment with Defendants, as a result of Defendants not properly clocking him upon arrival of his regularly scheduled shift, resulting in compensable wait time; and (ii) Defendants failed to properly compensate him for overtime hours he worked in one or more weeks during his employment. This practice, he alleges, resulted in Defendants failing to fully and properly pay him the correct hourly wage for all of his regular hours worked and any overtime hours worked as required by the Fair Labor Standards Act. The case name is JESSIE SUTTON v. JAGDISH SINGH d/b/a SHINER'S CAR WASH, SK PROPERTY, LLC and JAGTAR SINGH, Individually, CASE NO.: 6:12-CV-1254-ORL-28TBS.

- The Court has permitted Plaintiff to send Notice to all similarly situated current and former employees of Defendants at any time during the past three years, so that they may be permitted to "opt-in" to, or join, this lawsuit to assert their similar legal rights.

- 1 -

- The Court has not yet decided whether Defendants have done anything wrong or whether this case will proceed to trial. There is no money available now and there are no guarantees that there will be. However, you have a choice to assert your legal rights in this case.

| YOUR LEGAL RIGHTS & OPTIONS | |
|---|---|
| Do Nothing | **Do Nothing. Lose Nothing (except resulting from the passage of time).** By doing nothing, you retain your legal rights to bring a separate suit against Defendants (within the applicable statute of limitations period) for allegedly unpaid overtime compensation. If money or benefits are later awarded in this case, you will not share in them. |
| Ask to Be Included | **Complete Opt-in Consent Form.** By "opting in," you gain the possibility of receiving money or benefits that may result from a trial or settlement, but you give up your right to separately sue Defendants for the same legal claims brought in this lawsuit. |

Your options are included in this Notice. To opt-in, you must complete the Opt-in Consent Form and forward it to the attorneys designated in the Notice on or before_____. If you have any questions or concerns, please contact:

> Cecilia M. Barber, Esquire
> Morgan & Morgan, P.A.
> 600 N. Pine Island Road
> Suite 400
> Plantation, Florida 33324
> Telephone: (866) 344-WAGE (9243)
> Facsimile: (954) 333-3515
> Email: cbarber@forthepeople.com
> Attorney for Plaintiff

The law prohibits anyone from discriminating or retaliating against you for taking part in this case. If you believe that you have been penalized, disciplined, punished, threatened, intimidated, or discriminated against in any way as a result of your receiving this notification, your considering whether to complete and submit the Notice of Consent, or your having submitted the Notice of Consent, you may contact Morgan & Morgan, P.A.

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

JESSIE SUTTON,

       Plaintiff,

v.                                  Case No: 6:12-cv-1254-Orl-28TBS

JAGDISH SINGH, SK PROPERTY LLC
and JAGTAR SINGH,

       Defendants.

_____

**CONSENT TO BECOME A PARTY PLAINTIFF**
**Pursuant to 29 U.S.C. § 216(b)**

To: The Clerk Of The Court And To Each Party And Counsel Of Record:

       By my signature below, I hereby authorize the filing and prosecution of the above-styled Fair Labor Standards Act action in my name and on my behalf by the above-representative Plaintiff and designate the class representatives as my agents to make decisions on my behalf concerning the litigation, the method and manner of conducting the litigation, the entering of an agreement with Plaintiff's counsel concerning attorneys' fees and costs, and all other matters pertaining to this lawsuit.

                      Signature: _____

                      Printed Name: _____

                      Street Address: _____

                      City, State, Zip: _____

                      Telephone No.: _____

PLEASE RETURN THIS FORM IN TIME FOR FILING WITH THE COURT IN THE SELF ADDRESSED STAMPED ENVELOPE TO:

Cecilia M. Barber, Esquire
Morgan & Morgan, P.A.
600 N. Pine Island Road, Suite 400, Plantation, Florida 33324
Telephone: (866) 344-WAGE (9243), Facsimile: (954) 333-3515
Email: cbarber@forthepeople.com
Attorney for Plaintiff