UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

JESSIE SUTTON,

    Plaintiff,

v.                                                    Case No: 6:12-cv-1254-Orl-28TBS

JAGDISH SINGH, SK PROPERTY LLC
and JAGTAR SINGH,

    Defendants.

## ORDER

Pending before the Court is Plaintiff Jessie Sutton's Motion to Compel 30(b)(6) Depositions, for Sanctions, and Incorporated Memorandum of Law. (Doc. 60). In the motion, Plaintiff asks the Court to enter an order compelling Defendant Jagtar Singh and non-party Harmail Singh to appear for deposition and for an award of expenses in relation to the non-appearances. This motion is due to be **GRANTED IN PART** and **DENIED IN PART**.

    I.    Background

On August 15, 2012, Plaintiff filed an action against his former employer SK Property, LLC, Jagdish Singh, and Jagtar Singh for unpaid minimum wages, unpaid overtime wages, and declaratory relief, pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 et seq. (Doc. 1). Plaintiff amended his Complaint on November 6, 2012. (Doc. 20). Plaintiff alleges that he was a non-exempt hourly paid car washer and that Defendants (1) "failed to compensate [him] at the applicable federal minimum wage for all hours worked in each work week as required by the FLSA[,]" and (2) failed to pay him "premium compensation at a rate of one and one-half times [his]

regular rate of pay for hours worked in excess of forty (40) hours in the single work week."
(Id. ¶¶ 29-30). Defendants admit Plaintiff worked for SK Property (Doc. 21 ¶ 33), but deny most of the remaining material averments in the Amended Complaint. (Doc. 21). On June 10, the Court conditionally certified the case as a collective action for the class of "[c]ar line wash workers (which includes car detailers, car dryers, and all workers on the car wash line) who were paid on an hourly basis, plus tips, and who were employed by [Defendants] in Altamonte Springs, Florida over the last three (3) years." (Doc. 49, p. 2).

On August 12, 2013, a paralegal employed by Plaintiff's counsel sent an email to Defendants' lawyer which included a notice of taking the deposition *duces tecum* of the corporate representative with the most knowledge of nine topics. (Doc. 60-1, p. 3-4). The notice does not identify the corporation but the parties appear to have understood Plaintiff was referring to SK Property, LLC. (Id.). The deposition was scheduled to occur in Orlando, Florida on September 19, 2013. (Id.). On August 19, 2013, the paralegal sent another email to Defendants' lawyer, attaching "the Notice of Deposition that is currently out for service as to Harmail Singh." (Doc. 60-1). Both deposition notices were also served on Defendants' lawyer by U.S. mail.

Shortly before the depositions were scheduled to occur, Jagtar Singh fired the lawyer representing him and SK Property, LLC. On September 18, 2013, the lawyer left a message on Plaintiff's counsel's voicemail advising that he had been fired. (Doc. 60, p. 7). The next day, SK Property, LLC, its recently terminated lawyer, and Harmail Singh failed to appear for the depositions. (Doc. 60, p. 4). On October 1, SK Property and Jagtar Singh's lawyer of record moved to withdraw as their counsel. The Court granted the motion and these Defendants are currently unrepresented. (Docs. 63, 66).

Harmail Singh is not a party to this case and there is no evidence that he was served with a subpoena to appear for his deposition.

The Court held a hearing on the motion to compel at which Jagtar Singh appeared and explained that he did not attend the deposition of SK Property, LLC because he could not take time away from the operation of the company's carwash.

II.     Discussion

A court may impose sanctions if "a party or a party's officer, director, or managing agent–or a person designated under Rule 30(b)(6) or 31(a)(4)–fails, after being served with proper notice, to appear for that person's deposition." Fed. R. Civ. P. 37(d)(1)(A)(ii). The rule "makes it explicit that a party properly served has an absolute duty . . . to present himself for the taking of his deposition." Penthouse Int'l v. Playboy Enterprises, Inc., 663 F.2d 371, 390 (2d Cir. 1981). The Court may sanction a party who fails to appear for his own deposition without offering a good excuse for his absence. Griffin v. Aluminum Co. of America, 564 F.2d 1171, 1172 (5th Cir. 1977) (per curiam).

Rule 37(d)(3) authorizes the court to "require the party failing to act, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust."  Rule 37(a)(5)(A) provides that a Court must grant "reasonable expenses incurred in making the motion, including attorney's fees," unless the movant filed the motion before attempting in good faith to obtain the disclosure without court action; the opposing party's position was substantially justified; or other circumstances make award of expenses unjust.  None of the exceptions apply.

Plaintiff did not notice the deposition of Jagtar Singh.  Therefore, Plaintiff's motion for sanctions against Jagtar Singh is **DENIED**.  The motion for imposition of sanctions

- 3 -

against SK Property, LLC is **GRANTED** because the company has not offered any substantial justification for its failure to appear and an award of fees and expenses would not be unjust. Accordingly, the Court will award Plaintiff his reasonable attorney's fees and costs based upon SK Property, LLC's failure to appear for the Rule 30(b)(6) deposition.

The Court first considers expenses incurred as a consequence of SK Property, LLC's failure to appear through its corporate representative(s). The court reporter's appearance fee and fee for the certificate of non-appearance for the missed deposition are clearly "expenses . . . caused by the failure," and Plaintiff has attached evidence supporting a claim for $88.95 for those services. (Doc. 60-6). This sum will be awarded to Plaintiff.

The Court uses the lodestar approach to determine reasonable attorney's fees. Chemische Fabrik Budenheim KG v. Bavaria Corp. Int'l, No. 6:08-cv-1182-Orl-22DAB, 2010 WL 98991 (M.D. Fla. Jan. 6, 2010); see also Norman v. Housing Authority of City of Montgomery, 836 F.2d 1292 (11th Cir. 1988). The lodestar is determined by multiplying the number of hours reasonably expended by a reasonable hourly rate. Loranger v. Stierheim, 10 F.3d 776, 781 (11th Cir. 2005) (per curiam); Norman, 836 F.2d at 1299. The Court must exclude from its calculation "excessive, redundant or otherwise unnecessary" hours. Hensley v. Eckerhart, 461 U.S. 424, 434 (1983). "A reasonable hourly rate is the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation." Norman, 836 F.2d at 1299. As the fee applicant, Plaintiff "bears the burden of establishing entitlement and documenting the appropriate hours and hourly rates." Id. at 1303. Plaintiff may meet this burden "by producing either direct evidence of rates

charged under similar circumstances, or opinion evidence of reasonable rates." Chemische, 2010 WL 98991, at *4. "[T]he Court may use its own expertise and judgment to make an appropriate independent assessment of the value of the attorney's services." Chemische, 2010 WL 98991, at *4 (citing Norman, 836 F.2d at 1303).

Plaintiff's counsel reports 7.6 hours of attorney time expended to prepare for the Rule 30(b)(6) deposition. (Doc. 60, p. 7). The Court finds nothing complex, especially difficult, or unique about this Fair Labor Standards Act case. The areas of inquiry listed in the deposition notice are straightforward and do not warrant the amount of preparation time claimed. This is especially true for an attorney charging $300 per hour for her time. At most, 2.5 hours of preparation time is reasonable and the Court will award fees based upon this number of hours.

The Court has reservations about what it considers to be counsel's high hourly rate. Plaintiff has not supplied any evidence to demonstrate that his attorney's rate is within the prevailing market rate for comparable lawyers and the Defendants have not offered any evidence to contradict the amount sought. Now, the Court finds, based upon its own knowledge and experience that $300 per hour is at the top end of the range of reasonableness in this case. Accordingly, the Court will award Plaintiff fees at the rate of $300 per hour. Thus, the allowed hours times the applicable rate results in an award of $750 for time spent preparing to take the deposition of SK Property, LLC.

Counsel expended 3 hours of travel time and $490.23 in travel costs to travel roundtrip from Plantation, Florida for the depositions. (Id.). Plaintiff cites no legal authority supporting his claim that this time and expense is compensable. Plaintiff is represented by a large Orlando-based firm and there is no reason why an Orlando lawyer

could not have handled these depositions. Accordingly, Plaintiff's claim for travel time and expense is **DENIED**.

Lastly, Plaintiff seeks compensation for 3 hours of attorney time spent on preparation of the motion to compel. The Court finds this amount reasonable and awards Plaintiff $900 for this work.

Plaintiff asks that sanctions be imposed against Defendants' former counsel. Attorneys may be held personally liable for Rule 37 sanctions, Roadway Express, Inc. v. Piper, 447 U.S. 752, 763 (1980), and the Court need not find bad faith or determine that the attorney "instigated" the client's misconduct to sanction counsel. Devaney v. Continental American Ins. Co., 989 F.2d 1154, 1161-62 (11th Cir. 1993). As a matter of law, a motion for Rule 37 sanctions puts an attorney on notice that he could be held personally liable for sanctions, even if the motion names only the party and not counsel. Id. at 1160. Curiously, Defendants' former lawyer did not respond to Plaintiff's motion for sanctions against him, and he did not attend the October 10 hearing on Plaintiff's motion. Nevertheless, imposing sanctions on attorneys invariably "either explicitly or implicitly impugns counsel's professional ethics or competence," United States v. Kouri-Perez, 187 F.3d 1, 12 (1st Cir. 1999), and the court will not impose such sanctions lightly. Here, the lawyer was in a difficult situation. His client had fired him but in the eyes of the Court, he was still counsel of record. Once fired, there is no reason to believe the lawyer knew SK Property, LLC would not appear for deposition or that he had the ability to cause SK Property, LLC to appear. Therefore, the Court will not hold counsel personally liable for Plaintiff's fees and costs.

III. Conclusion

The Court therefore **ORDERS**:

1. Plaintiff's Motion to Compel (Doc. 60) is **GRANTED in part and DENIED in part**.

2. Defendant SK Property, LLC shall produce a witness or witnesses to testify on the matters set forth in Plaintiff's Notice of Taking Deposition Duces Tecum (Doc. 60-1) within fourteen (14) days from the issuance of this Order unless the parties agree to a different time frame. The witness or witnesses shall produce the requested documents (Doc. 60-1, pp. 5-6) at the deposition(s).

3. Plaintiff shall recover from SK Property, LLC, $1,650 in attorney's fees and $88.95 in costs making a total of $1,738.95. This sum is due and payable in full within fourteen (14) days of the issuance of this Order.

**DONE** and **ORDERED** in Orlando, Florida on October 17, 2013.

*[Signature]*
THOMAS B. SMITH
United States Magistrate Judge

Copies furnished to:

    Counsel of Record
    Unrepresented Parties